## Tex. Business Organizations Code § 101.463
This document is current through the 2013 3rd Called Session

*Texas Statutes and Codes* > *BUSINESS ORGANIZATIONS CODE* > *TITLE 3. LIMITED LIABILITY COMPANIES* > *CHAPTER 101. LIMITED LIABILITY COMPANIES* > *SUBCHAPTER J. DERIVATIVE PROCEEDINGS*

## § *101.463*. Closely Held Limited Liability Company

**(a)** In this section, "closely held limited liability company" means a limited liability company that has:

  **(1)** fewer than 35 members; and

  **(2)** no membership interests listed on a national securities exchange or regularly quoted in an over-the-counter market by one or more members of a national securities association.

**(b)** Sections 101.452--101.459 do not apply to a closely held limited liability company.

**(c)** If justice requires:

  **(1)** a derivative proceeding brought by a member of a closely held limited liability company may be treated by a court as a direct action brought by the member for the member's own benefit; and

  **(2)** a recovery in a direct or derivative proceeding by a member may be paid directly to the plaintiff or to the limited liability company if necessary to protect the interests of creditors or other members of the limited liability company.

## History

Enacted by *Acts 2003, 78th Leg., ch. 182 (H.B. 1156)*, § 1, effective January 1, 2006; am. *Acts 2007, 80th Leg., ch. 688 (H.B. 1737)*, § 100, effective September 1, 2007.

**Annotations**

## Notes

**Revisor's Notes. --**

  See the revisor's note to Section 101.451. No substantive change is intended.
  2007 amendment,
  deleted "Subject to Subsection (c)" at the beginning of (b).

## Case Notes

  Business & Corporate Law: Closely Held Corporations: Management Duties & Liabilities
  Business & Corporate Law: Limited Liability Companies: Management Duties & Liabilities

**LexisNexis (R) Notes**

  **Business & Corporate Law: Closely Held Corporations: Management Duties & Liabilities**
  **1.** Texas does not recognize a broad formal fiduciary relationship between majority and minority shareholders in closely-held companies that would apply to every transaction among them. The Court of Appeals of Texas therefore declines to recognize such a fiduciary duty between members of an LLC on this basis, *Tex. Bus. Orgs. Code Ann. §§*